**U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
(KNOXVILLE)**

---

IN RE:

MICHAEL GENE NIKIRK and　　　　　　　　　Case No.　3:17-bk-30140-SHB
KIMBERLY S. NIKIRK,

　　　Debtors.　　　　　　　　　　　　　　　Chapter 7

---

KAPITUS SERVICING, INC., FORMERLY
COLONIAL FUNDING NETWORK, INC., as
servicing provider for CORE BUSINESS FINANCE,

　　　PLAINTIFF,

v.　　　　　　　　　　　　　　　　　　　ADV. PRO. NO. 3:19-ap-03033-SHB

MICHAEL GENE NIKIRK and
KIMBERLY S. NIKIRK,

　　　DEFENDANTS.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW OR
AMEND REQUEST FOR ADMISSIONS DEEMED ADMITTED
PURSUANT TO RULE 36(b)**

---

Plaintiff, Kapitus Servicing, Inc., formerly Colonial Funding Network, Inc., as servicing provider for Core Business Finance, ("Plaintiff") respectfully requests that the *Motion to Withdraw or Amend Request for Admissions Deemed Admitted Pursuant to Rule 36(b)* (Adv. Doc. 26) and *Brief in Support of Defendant's Motion to Withdraw or Amend Request for Admissions Deemed Admitted Pursuant to Rule 36(b)* (Doc. 26-1) (collectively, the "Motion to Withdraw") filed by Mr. and Mrs. Nikirk (together, the "Defendants") be denied for the reasons set forth below.

# FACTS

1. This Adversary Proceeding was brought in connection with the Chapter 7 case filed by the Debtors on January 18, 2017 (the "Petition Date"), as case number 3:17-bk-30140-SHB, now pending in this Court.[1]

2. This Court set July 1, 2019, as the last day for the filing of complaints objecting to discharge and for determination of dischargeability of debts. Plaintiff timely filed its *Complaint to Determine Nondischargeability of Debt Owed to Core Business Finance* (Adv. Doc. 1).

3. On September 4, 2019, Plaintiff served its *First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Defendants* (the "Discovery Requests") on Defendants' counsel via electronic mail and via U.S. mail. *See* (Adv. Doc. 20-1).

4. Although Defendants' answers to the Discovery Requests were due October 4, 2019, Plaintiff did not receive any timely objections or responses from Defendants by October 4, 2019.

5. Plaintiff's counsel followed up with Defendants' counsel on October 22, 2019, and again on October 27, 2019, as to the status of the responses. *See id.*

6. Defendants never served Plaintiff with written answers or objections to Plaintiff's Discovery Requests and on November 26, 2019, this Court entered its *Order Granting Plaintiff's Requests for Admissions Admitted* (Adv. Doc. 21) ("Admissions Order"). Importantly, Defendants did not oppose *Plaintiff's Motion to Deem Plaintiff's Requests for Admissions Admitted and Memorandum in Support*. *See* (Adv. Doc. 20).

---

[1] This case was initially filed as a Chapter 11 case, converted to a Chapter 13 case on November 9, 2018 [Doc. 184], and converted to a Chapter 7 case on March 26, 2019 [Doc. 221].

2

7. Pursuant to the Court's *Pretrial Order* (Adv. Doc. 15), February 4, 2020 is the hard discovery cutoff date and is the last date for completing depositions or serving responses to discovery requests. *Id.* at ¶4(A). Consequently, to be timely all discovery requests were to be served by January 5, 2020. *Id.*

8. On January 13, 2020, Plaintiff filed its *Plaintiff's Statement Regarding Mediation* (Adv. Doc. 23) in which it indicated that it did not believe that mediation of this matter was appropriate as Plaintiff never received any responses to its Discovery Requests and Plaintiff was in the process of preparing its motion for summary judgment and anticipated filing the same shortly. *Id.* at ¶¶7-9.

9. Two days later, Plaintiff filed *Plaintiff's Motion for Summary Judgment* and related documents (Adv. Docs. 29-33).

10. On January 14, 2020, forty-nine days after entry of the Admissions Order, Defendants filed their Motion to Withdraw.

11. As of the date of this filing, more than one hundred days after Defendants' responses to Discovery Requests were due, and over fifty days after the entry of the Admissions order, Plaintiff has still not received any response to its Discovery Requests.

## ARGUMENT

The Court should deny the Motion to Withdraw because Defendants have failed to meet their burden to show that allowing a withdrawal of the admissions will promote a presentation of the merits. Additionally, Plaintiff will be prejudiced by the withdrawal, and based on Defendants' repeated non-involvement in the case and noncompliance with rules of this Court, equity strongly favors Plaintiff.

Rule 36, made applicable through Fed. R. Bankr. P. 7036 in adversary proceedings, "permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017); *see also In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Requests for admission are "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2252.; *see also Casey v. Quality Restaurants & Concepts*, No. 1:10CV309-NBB-DAS, 2012 WL 3261367, at *3 (N.D. Miss. Aug. 8, 2012) (citing to the Adv. Comm. Note to 1970 amendment to Rule 36 of the federal rules of civil procedure). "By providing a pretrial device for winnowing issues from the case, time and resources may be directed to disputed matters. Rule 36 is also unique in that it provides its own enforcement mechanism and the rule is self-executing." *Casey*, 2012 WL 3261367, at *3.

By operation of law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* (quoting Fed. R. Civ. P. 36(a)(3)). The language of Rule 36 is clear: a party must respond to all requests for admissions, otherwise, the requests will be conclusively deemed admitted by that party. The result can be severe, but the rule can serve its intended function only if there is a high degree of certainty that an issue eliminated by admission, express or default, will not become a contested issue later in the litigation. *E.g., Casey*, 2012 WL 3261367, at *3 (citing *American Auto Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1119 (5th Cir.1991)); *Carney*, 258 F.3d at 419 ("For Rule 36 to be effective . . . litigants must be able to rely on the fact that matters admitted will not later be subject to challenge."). Here, because the Defendants never responded to the Discovery Requests, the Court

entered the Admissions Order and Plaintiff conclusively established as fact all statements in the admissions requests. *See* Fed. R. Civ. P. 36(b); (Adv. Doc. 21).

More than **one hundred days** after Defendants' responses to Discovery Requests were due, and almost **fifty days** after the entry of the Admissions Order Defendants now seek to withdraw or amend these admissions. Once a matter is admitted, it is established for the course of the litigation, unless the court permits its withdrawal or amendment under Rule 36(b). Under Rule 36(b), and subject to Rule 16(e), "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The movant bears the burden of proof as to the first element contained within Rule 36 and the non-moving party bears the burden of proof as to the second element. *E.g., Curtis v. State Farm Lloyds,* 2004 WL 1621700 (S.D. Tex. April 29, 2004).

The court may allow withdrawal of an admission, if and only if, both of the above preconditions have been met. *Casey*, 2012 WL 3261367, at *3 (citing *Le v. Cheesecake Factory Restaurants, Inc.,* 2007 WL 715260 (5th Cir.2007)). Courts have also stated that, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney*, 258 F.3d at 419*; see also Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) (holding that FRCP 36(b) does not require the district court to grant relief where the moving party has satisfied the two-part test); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983) ("Because the language of [Rule 36(b) ] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

It is not enough to show that the admissions will preclude any presentation of the cause on the merits. *Casey*, 2012 WL 3261367, at *4. Because Rule 36(b) is permissive, "the court may nonetheless consider whether the moving party has shown good cause for the failure to serve timely responses." *Carden v. Chenega Sec. & Prot. Servs., LLC*, No. CIV S-09-1799-WBS, 2011 WL 1344557, at *2 (E.D. Cal. Apr. 8, 2011) (citation omitted). Among the factors the court properly takes into account in evaluating whether to exercise its discretion to permit withdrawal is whether the party who made the admissions can show good cause for the failure to respond to the admissions and for the failure to seek their withdrawal in a timely manner. *See Am. Gen. Life & Acc. Ins. Co. v. Findley*, No. CV 12-01753 MMM (PSWx), 2013 WL 1120662, at *5 (C.D. Cal. Mar. 15, 2013); *Casey*, 2012 WL 3261367, at *4 ("In exercising its discretion, the court may consider the fault of the party seeking withdrawal.") (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir.1969)).

### A. Presentation of the Merits

Defendants argue that allowing withdrawal of the admissions meets the first requirement of Rule 36(b). They quote the applicable part of the rule, then argue that "Defendants denied the allegations of fraud in the Answer to the Complaint and steadfastly stand by the denial that they intentionally committed fraud in obtaining a factoring "loan" form Core Funding." (Doc. 26-1) at 3. Importantly, there are no attachments to the Defendants' motion; no affidavits, no record citations or excerpts, and no discovery responses. It is unclear which of the 18 requests for admission they are proposing to now deny or if they are proposing to deny all the requests. Likewise, they have not demonstrated how the substance of any single request for admission have been addressed in any discovery response or pleading. They do not mention specifically any one of the admissions nor do they address how these admissions impact their ability to proceed to trial

on the merits. It has fallen to the Plaintiff, who does not bear the burden on this issue, and to the Court, to look at the requests for admissions to determine whether any Defendants' defense can survive the admissions. To the contrary, Defendants submit that "that the issue of alleged fraud under 523(a) **may be not be** summarily disposed of by Requests for Admissions." (Doc. 26-1) at 3 (emphasis added).² Defendants' conclusion provides no more clarity. According to the Defendants "[s]ince issues of whether there was fraud as defined by the bankruptcy code, the admissions must be allowed to be amended and the matter should be heard on its merits." *Id.* At best this is an incomplete conclusionary sentence without any supporting authority.

Even assuming the Defendants will be deprived of a trial "on the merits" if all admissions are allowed to stand, it does not follow that Defendants made the showing required by Rule 36(b). *Casey*, 2012 WL 3261367, at *4. They must show that there is a meritorious defense that will be served by withdrawal of the admissions and by trial. *See id.* Like in *Casey,* Defendants' Motion to Withdraw fails to point to any proof in the record that shows a factual contest to any of the requests for admission. *See Casey*, 2012 WL 3261367, at *4. Even Defendants' *Answer to Adversary Complaint* (Adv. Doc. 9) ("<u>Answer</u>"), referred to in the Motion to Withdraw in passing, does not directly contradict many of the admissions nor does it provide a factual basis for finding a meritorious defense to be served by withdrawal of the admissions and trial. *See, e.g.,* Answer at ¶¶7, 10, 12, 14-18, 21-22, 24, 27-28, 30-31, 55-57.

---

² Plaintiff admits that a number of the admissions go to the heart of the Plaintiff's claims and should dispose of this action. Contrary to Defendants' unsupported assertions regarding the law, "[a]dmissions made under Rule 36, even default admissions can serve as the factual predicate for summary judgment. Rule 36(b) provides that a matter admitted is conclusively established." *In re Niswonger*, 116 B.R. 562, 565 (Bankr. S.D. Ohio 1990) (citing cases); *see also Casey*, 2012 WL 3261367, at *6, n. 3 (citing cases). For example, in *Niswonger,* the court found that the admissions, and exhibits clearly established the necessary elements of a § 523(a)(2)(A) claim and excepted the subject debt from discharge. *Id.* at 567.

Even if the Answer directly contested all of the matters addressed in the requests for admission (which it does not) the admissions created by Defendants' failure to respond to the Discovery Requests are binding. *See Carney*, 258 F.3d at 420-22; *Casey*, 2012 WL 3261367, at *5. In the case of *In re Carney*, Carney's complaint denied the validity of the IRS tax assessments. Unlike the Defendants here, Carney filed an affidavit, "containing specific, factual allegations to support his contention" as to the merits of his claim. *Id.* at 423. Nevertheless, the admissions created by Carney's failure to respond to the requests for admission were binding, and the court affirmed the district court's decision to grant summary judgment based on those admissions. *Carney*, 258 F.3d at 420-22. This Court should also find that Defendants have failed to meet their burden to show that allowing a withdrawal of the admissions will promote a presentation of the merits and thus had failed to meet the first requirement of Rule 36(b).

### B. Prejudice to Plaintiff

Prejudice relates to special difficulties that may be presented by the sudden withdrawal of admissions. *E.g., Fulcher v. Wyndham Worldwide Operations, Inc.*, No. 3:18-CV-264-TAV-DCP, 2019 WL 4143292, at *3 (E.D. Tenn. Aug. 30, 2019); *American Auto Ass'n. v. AAA Legal Clinic,* 930 F.2d 1117 (5th Cir.1991). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *See, e.g.*, *Branch Banking and Trust Co. v. Deutz–Allis Corp.,* 120 F.R.D. 655, 660 (E.D.N.C. 1988).

Contrary to Defendants, Plaintiff has diligently prosecuted its action, served its initial disclosures, responded to Defendants' discovery requests, propounded discovery of the Defendants, moved to deem their admissions admitted and moved for summary judgment. Plaintiff has acted in reliance on the admissions, ceased further discovery efforts, and filed a

motion for summary judgment. If the admissions were withdrawn, Plaintiff would clearly need to conduct additional discovery. Plaintiff has not yet taken the Defendants' depositions and **has yet to receive responses to its Discovery Requests**. Had Defendants responded to the Discovery Requests **in the beginning of October of 2019**, sufficient time to conduct needed discovery would have been available. In fact, as of today Defendants have yet to even serve their initial disclosures that were due on **September 14, 2019**. Defendants had multiple opportunities to submit their responses to Plaintiff's Discovery Requests and thereby correct any honest error they made. Defendants never seized these opportunities. Now, however, because of delays caused by Defendants and their failure to cooperate in discovery and other breaches of rules of this Court, time has run out.

In a similar case, the Southern District of Texas denied a motion to withdraw deemed admissions where the non-moving party had already filed its motion for summary judgment and therefore would be "left with no opportunity to conduct additional discovery under the scheduling and docket control order put into place a year ago." *Curtis,* 2004 WL 1621700, at *6; *see also See Finlay v. Wolpoff & Abramson*, 08-0786, 2009 WL 936882, at *2 (S.D. Tex. April 3, 2009) ("[I]n light of Defendant's lack of diligence and the expiration of scheduling deadlines, Plaintiff would be greatly prejudiced if the court allowed withdrawal of the admissions."); *Laitram Machinery, Inc. v. Carnitech A/S*, No. Civ. A. 92-3841. 1996 WL 99352, at *2 (E.D. La. 1996) (the nonmoving party "would [be] prejudiced by any amendments because discovery already closed . . . .")

Here, the same is true. Plaintiff "is entitled to rely on the binding effect of the admissions; otherwise Rule 36 is rendered meaningless. *Laitram,* 1996 WL 99352, at *2. Defendants' lack of diligence coupled with the lapse of discovery deadlines makes withdrawal of the deemed admission inappropriate under the present circumstances.

In their Motion, Defendants completely omit any explanation as to why they have yet to respond to the Discovery Requests. Again, Defendants' discovery responses are **over 100 days** past due! However, there is no explanation provided to show how such a serious default could have occurred and continues to occur. Here, Defendants demonstrated a pattern of untimeliness, lack of diligence, and complete disregard for the deadlines and other rules of court. Most likely the reason why no explanation is offered is because no legitimate excuse exists. While the Court must give weight to the importance of trial on the merits, courts are nevertheless cautious in permitting withdrawal or amendment of admissions. *See e.g., Casey*, 2012 WL 3261367, at *6. In light of the numerous and serious failures of the Defendants, equity strongly favors Plaintiff and disfavors Defendants. *See id.* While the ultimate result may be harsh, it is necessary. *See In re Carney,* 258 F.3d at 421 ("[T]he failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure."). As the district court for the Eastern District of Tennessee noted: "Simply ignoring discovery requests is rarely, if ever, proper." *Fulcher*, 2019 WL 4143292, at *2. Because Plaintiffs did not respond within thirty days, and have yet to respond to the requests for admission they should remain to be deemed admitted. *See id.* at *3.

## CONCLUSION

As described above, Defendants demonstrated a pattern of untimeliness, lack of diligence, and complete disregard for the deadlines of the Court. Defendants did not oppose Plaintiff's motion to deem admissions admitted, have yet to respond to Plaintiff's Discovery Requests, which were due in the beginning of October nor have they served their initial disclosures due in September of 2019. The Court should not reward Defendants for filing this extremely untimely motion while

refusing to cooperate in discovery. Accordingly, Defendants' Motion to Withdraw should be denied.

Dated: January 24, 2020  
                                        BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

                                        By: /s/ Erno Lindner  
                                        Justin Sveadas (TN #22305)  
                                        Erno Lindner (TN #29273)  
                                        633 Chestnut Street, Suite 1900  
                                        Chattanooga, Tennessee 37450  
                                        Phone: 423.209.4206  
                                        Email: jsveadas@bakerdonelson.com  
                                               elindner@bakerdonelson.com

                                        *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2020, a copy of the foregoing electronically filed *Plaintiff's Response to Defendants' Motion to Withdraw or Amend Request for Admissions Deemed Admitted Pursuant to Rule 36(b)* was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Kimberly Cambron  
FRESH START LAW, PC  
103 Suburban Road  
Suite 201  
Knoxville, TN 37923  
865-850-2898  
Email: kim@freshstarttennessee.com

                                         /s/ Erno Lindner  
                                        Erno Lindner