**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

MICHAEL GENE NIKIRK
dba INDEPENDANT TRANSPORT GROUP
dba ITG EQUIPMENT SALES REPAIR
KIMBERLY S. NIKIRK
dba INDEPENDANT TRANSPORT GROUP
dba ITG EQUIPMENT SALES REPAIR

      Debtors

Case No. 3:17-bk-30140-SHB
Chapter 7

KAPITUS SERVICING, INC., formerly
COLONIAL FUNDING NETWORK, INC., as
servicing provider for CORE BUSINESS FINANCE

      Plaintiff

    v.

MICHAEL GENE NIKIRK and
KIMBERLY S. NIKIRK

      Defendants

Adv. Proc. No. 3:19-ap-3033-SHB

**MEMORANDUM ON MOTION
TO WITHDRAW OR AMEND REQUEST FOR ADMISSIONS
<u>DEEMED ADMITTED PURSUANT TO RULE 36(b)</u>**

**APPEARANCES:** BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.
    Justin Sveadas, Esq.
    Erno Linder, Esq.
    633 Chestnut Street
    Suite 1900
    Chattanooga, Tennessee 37450
    Attorneys for Plaintiff

    FRESH START LAW, PC
    Kimberly Cambron, Esq.
    101 Suburban Road
    Suite 201
    Knoxville, Tennessee 37923
    Attorneys for Defendants

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Motion to Withdraw or Amend Request for Admissions Deemed Admitted Pursuant to Rule 36(b) ("Motion to Withdraw") filed by Defendants on January 14, 2020 [Doc. 26],[1] and Plaintiff's Response to Defendants' Motion to Withdraw or Amend Request for Admissions Deemed Admitted Pursuant to Rule 36(b) ("Response") filed on January 24, 2020. [Doc. 35.]  Through the Motion to Withdraw, Defendants ask that they be allowed to withdraw or amend the deemed admissions to Plaintiff's requests for admissions ("Requests for Admissions") set forth in Exhibit A to Plaintiff's October 31, 2019 Motion to Deem Plaintiff's Requests for Admission Admitted ("Motion to Deem Admissions Admitted" [Doc. 20]), which was granted without opposition on November 26, 2019 [Doc. 21].[2]

Defendants seek to withdraw or amend the deemed admissions pursuant to Federal Rules of Civil Procedure Rule 36, which governs requests for admission and provides in material part:

> (a) **Scope and Procedure.**
>
> (1) *Scope*.  A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinion about either; and
>
> (B) the genuineness of any described documents.
>
> . . . .
>
> (3) *Time to Respond; Effect of Not Responding*.  A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves

---

[1] The Court presumes that Defendants filed their Motion to Withdraw in response to Plaintiff's Statement Regarding Mediation, which was filed on January 13, 2020, stating, *inter alia*, that "[a]s of the present date, Plaintiff has still never received any responses to its discovery requests, including requests for admissions, from Defendants.  Plaintiff is in the process of preparing its motion for summary judgment and related documents and anticipates filing its dispositive motion with the Court shortly." [Doc. 23 at ¶¶ 7-8.]  Two days later, Plaintiff filed its motion for summary judgment. [Doc. 29.]

[2] The Motion to Deem Admissions Admitted included the notice of the 21-day response time required by E.D. Tenn. LBR 7007-1(c).  When Defendants failed to respond to the Motion to Deem Admissions Admitted, the Court entered the Order Granting Plaintiff's Requests for Admissions Admitted ("Order Deeming Admissions Admitted") and expressly provided that "[f]or the purposes of the pending adversary proceeding, the matters set forth in Plaintiff's First Requests for Admissions are deemed by the Court to be ADMITTED, pursuant to Federal Rule of Civil Procedure 36 and Federal Rule of Bankruptcy Procedure 7036." [Doc. 21.]

> on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> . . . .
>
> (b) **Effect of an Admission; Withdrawing or Amending It**. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36 (applicable to adversary proceedings under Fed. R. Bankr. P. 7036).

Defendants offer no explanation in their Motion to Withdraw and supporting brief for their failure to (1) initially respond to the Requests for Admissions, (2) respond to the Motion to Deem Admissions Admitted, or (3) take action concerning the Requests for Admissions during the nearly fifty days after entry of the Order Deeming Admissions Admitted. Moreover, as of the date of Plaintiff's response to the Motion to Withdraw (January 24, 2020), Defendants still had not provided responses to the Requests for Admissions (or any of Plaintiff's written discovery requests). [Doc. 35 at p. 11.]

Instead, Defendants merely recite Rule 36(b) and rely on the Sixth Circuit's test in *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997),[3] for permitting withdrawal or amendment of admissions under Rule 36(b) "(1) 'when the presentation of the merits of the action will be subserved thereby,' and (2) 'when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in

---

[3] In *Kerry Steel*, the appellate court upheld the trial court's treatment of defense counsel's oral argument on a motion to dismiss as a request to withdraw or amend admissions under Rule 36(b). The court focused on the plaintiff's opposition to the trial court's allowing withdrawal without the filing of a formal motion under Rule 36(b). The court did not address the facts underlying the failure of the defendant to respond to the requests to admit because the admission sought to be withdrawn would not have affected the trial court's disposition of the motion to dismiss for lack of personal jurisdiction.

maintaining the action or defense on the merits.'" (citations omitted).

Defendants focus on the second prong of the test – prejudice to the opposing party – and cite to several cases. [Doc. 27 at p. 3.] A review of the facts of those cases is instructive. Defendants first cite to *In re Clapper* [*id.*], but without sufficient citation to allow the Court to locate any opinion.[4] The citation for *Clapper*, however, quotes *Beatty v. United States*, 983 F.2d 908, 909 (8th Cir. 1993). [*Id.*] In *Beatty*, the circuit court reviewed the district court's grant of summary judgment in favor of the United States after the trial court permitted the government to amend Rule 36 admissions that had been deemed admitted for failure to respond timely. *Id.* The appellate court stated:

> Plaintiff is not prejudiced by the fact of the late-filed response to admission; he is prejudiced by the true facts contained in the response. The Advisory Committee Notes to Rule 36(b) emphasize that deemed admissions are to give way to the quest for the truth only in extreme circumstances. No such circumstances exist here. Therefore, it was proper for the trial court to allow defendant to respond.

*Id.* The appellate court recited no facts concerning the government's delay, and the district court decision is not available.

Defendants next cite to *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 39-40 (W.D.N.Y. 1985). [Doc. 27 at p. 3.] The defendant in *Szatanek* missed the initial deadline for responding to the plaintiff's discovery requests, including requests for admissions, and repeatedly missed extended deadlines so that after waiting from late July to early December, the plaintiff filed a motion asking the trial court to strike the defendant's answer, deem admitted all facts in the unanswered requests to admit, and grant summary judgment in favor of the plaintiff. The court described the facts as follows:

> A review of plaintiff's request to admit reveals that plaintiff asked defendant to admit sixty-seven separate facts, many of which concern the ultimate liability of defendant. Contrary to plaintiff's assertions, the record in this case indicates that

---

[4] After conducting a nationwide PACER search using the party name "Clapper" and the case number, the Court found that the case apparently was filed in the Northern District of Ohio; however, no opinion in the case could be accessed through PACER, Westlaw, or Lexis.

> defendant's counsel was not trying to obstruct discovery but rather was proceeding slothfully. The record also indicates that counsel for both parties had generally cooperated and compromised when problems with discovery deadlines had arisen prior to this juncture . . . and that efforts to comply with the discovery requests had been made, as evidenced by defendant's counsel's letter of December 1st. Although these efforts do not excuse defendant's counsel's careless nonfeasance, it is evident from the nature of the case that its merits are contested and that a just disposition of this case will be best served by permitting the answers to be served at this juncture.

*Id.* at 40. The court also noted the extensive history of discovery that had been answered by the defendant over the course of the two years during which the case had been pending before the discovery requests at issue were served by the plaintiff. *See id.* at 40-41. "Thus," the court concluded, "it cannot be said whether the plaintiff or the defendant has been the more dilatory in proceeding with this case prior to the instant dispute." *Id.* at 41. And, although the discovery termination deadline of mid-December had been established, no trial date had been set. *Id.* Ultimately, the court denied the plaintiff's sanctions request, saying, "In striking a balance between the diligence in litigation and the interests of justice, it is evident that the interests of justice will not be furthered in determining all the issues as to liability in this lawsuit on the basis of various missed deadlines and defendant's counsel's negligence." *Id.*

Defendants here next cite to *NCR Corp. v. J-Cos Systems Corp.*, Civ. A. No. 87-1520, 1987 WL 13683, at *1 (E.D. Pa. July 13, 1987) [Doc. 27 at p. 3], in which the plaintiff moved for summary judgment on the basis of unanswered requests for admissions. Thirteen days after the due date for response, the defendant answered with denials, leading the defendant to ask that its tardiness be excused. *Id.* Although noting that the defendant did not explain the reason for the delay or its failure to request additional time to respond, without citation to Rule 36, the court found that "justice would not be served by awarding summary judgment to plaintiff. The delay did not prejudice plaintiff's case, nor did it cause a significant loss of time in the course of this litigation." *Id.*

After citation to these several cases, Defendants argue that they stand by their denial of the allegations of fraud in their answer to the complaint and that a claim of "fraud under [11 U.S.C.] § 523(a) may not be summarily disposed of by Requests for Admission" because the "determination of the dischargeability of a debt presents mixed questions of law and fact." [Doc. 27 at p. 3.] Defendants then conclude:

> Defendants meet the first prong of the [Rule] 36(b) test because allowing withdrawal or amendment would propose a resolution on the merits of the case and courts prefer to settle matters on the merits instead of by procedural determinations. Furthermore, the Defendants meet the second prong because the Plaintiff would not be prejudiced by allowing the withdrawal or amendment. The trial is not until May 4, 2020 and the parties have not taken any depositions of witnesses. The parties still have ample time to prepare for trial.

[*Id.* at p. 4.]

In response, Plaintiff notes that Defendants have utterly failed to provide any discovery responses and they have not indicated which of the eighteen Requests for Admissions they now propose to deny. [Doc. 35 at p. 6.] Plaintiff also points out that Defendants have failed to show how any deemed admission is contradicted by any discovery response or pleading: "It has fallen to the Plaintiff, who does not bear the burden on this issue, and to the Court, to look at the requests for admissions to determine whether any Defendants' defense can survive the admissions." [*Id.* at p. 7.] Indeed, Plaintiff argues, Defendants' Answer "does not directly contradict many of the admissions nor does it provide a factual basis for finding a meritorious defense to be served by withdrawal of the admissions and trial." [*Id.*]

More importantly, Plaintiff argues, prejudice would result from the Court's granting the Motion to Withdraw. [*Id.* at pp. 8-10.] Plaintiff asserts that it has diligently pursued its claim and, based on Defendant's wholesale failure to respond or engage in discovery and the Court's granting of Plaintiff's Motion to Deem Admissions Admitted (which motion was not required to be filed by Rule 36), Plaintiff ceased further attempts at discovery and prepared and filed the

motion for summary judgment. [*Id.* at pp. 8-9.] Plaintiff notes that Defendants have not even served their initial disclosures, which were due on September 14. [*Id.* at p. 9; Doc. 12 at ¶ 2.] Finally, Plaintiff is correct that the deadline for completion of discovery has now passed, having expired on February 4, 2020 (one day after Plaintiff's response was due to the Motion to Withdraw). [Docs. 15 at ¶ 4.A, 35 at ¶ 7; *see* Doc. 26.]

## ANALYSIS

The two-pronged test for withdrawal or amendment of admissions under Rule 36(b) that is universally followed requires the following analysis:

> "The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" *Riley v. Kurtz*, No. 98-1077, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). . . . As far as the second prong of the test, "'the prejudice contemplated . . . is not simply that the party who initially obtained the admission will now have to convince the factfinder of its truth,' . . . [but] rather, 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'"

*Clark v. Johnston*, 413 F. App'x 804, 818 (6th Cir. 2011) (quoting *Kerry Steel*, 106 F.3d at 154). "Under the second prong, the non-movant bears the burden of proof." *Smith Rd. Furniture, Inc. v. Able Comput. Sys. of Ohio, Inc. (In re Smith Rd. Furniture, Inc.)*, 304 B.R. 790, 792 (Bankr. S.D. Ohio 2003) (citation omitted).

The Sixth Circuit in *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009), explained that Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." Courts, however, have "considerable discretion" when determining whether to allow a party to withdraw or amend under Rule 36(b).[5] *Kerry Steel, Inc.*, 106 F.3d at 154 (quoting *American Auto. Ass'n v.*

---

[5] The Court notes that some courts question whether the "excusable neglect" requirement for extending time after expiration of a deadline "should be imported into Rule 36(b)" or "whether Rule 6(b), and not Rule 36(b), should apply to requests to withdraw deemed admissions" (as opposed to admissions that resulted from responses that the respondent seeks to withdraw or amend). *River Light V LP v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64 n.1 (S.D.N.Y.

*AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)); *see also Fulcher v. Wyndham Worldwide Operations, Inc.*, No. 3:18-CV-264-TAV-DCP, 2019 WL 4143292, at *3 (E.D. Tenn. Aug. 30, 2019) ("Finally, 'a district court has considerable discretion over whether to permit withdrawal or amendment of admissions.'"). Thus, "[e]ven when [the Rule 36(b)] factors are established, a [trial] court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001); *see also Conlon v. United States*, 474 F.3d 616, 624-25 (9th Cir. 2007) ("We have not previously opined on whether Rule 36(b) requires a district court to grant relief when the moving party can satisfy the two-pronged test. We hold that it does not. The text of Rule 36(b) is permissive."); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-CV-0517-D, 2020 WL 434372, at *2 n.2 (N.D. Tex. Jan. 28, 2020) (quoting *In re Carney*, 258 F.3d at 419); *Post v. Brodnik (In re Brodnik)*, Case No. 1:18-bk-10062, A.P. No. 1:18-ap-01005, 2019 WL 5866443, at *3 (Bankr. S.D.W. Va. Nov. 17, 2019) (quoting *In re Carney*, 258 F.3d at 419, in denying a Rule 36(b) motion when the movant wholly failed to engage in discovery).

In *Wylie v. Transunion, LLC*, No. 3:16-cv-102, 2017 WL 4357981, at *8 (W.D. Pa. Sept. 29, 2017), the court denied the plaintiff's request to withdraw deemed admissions. The plaintiff failed to respond to the requests for admissions and six months after the response deadline passed, asked the court to set aside the deemed admissions under Rule 36(b). *Id.* at *1. The defendant filed a motion to dismiss, and at the time of the motion to withdraw the admissions, the defendant had not yet filed an answer to the complaint. *Id*. Although the court found that the plaintiff had met the first prong of the analysis, *see id.* at *3, the court agreed with the defendant that the plaintiff had "unilaterally refused to participate in discovery for over five months without

---

2014). Although the majority rule is that excusable neglect need not be shown under Rule 36(b), *id.*, this Court need not decide the issue here because the Court will exercise its discretion and find that Plaintiff has shown that prejudice would result from allowing Defendants to withdraw the deemed admissions.

ever asking . . . for an extension of time to respond or filing a motion for a stay with the Court." *Id.* at *2. The court also agreed with the defendant's argument that it would be prejudiced if the plaintiff were allowed to withdraw the admissions because discovery had been closed and the defendant had "reasonably relied on [the plaintiff]'s admissions in its subsequent decision not to conduct certain discovery." *Id.* The court concluded that "if [the] Rule 36(b) Motion were granted, the case would need to, in essence, return to the beginning of discovery because [the plaintiff] entirely refused to respond to [the defendant's] discovery requests or to issue his own discovery requests." *Id.* at *4. Also, the defendant had filed its motion for summary judgment twenty-one days before the plaintiff filed his Rule 36(b) motion, which meant that if the court granted the plaintiff's Rule 36(b) motion, the defendant would "need to substantially amend or supplement its Motion for Summary Judgment and accompanying briefs to eliminate its reliance on [the plaintiff's] admissions and to incorporate information gathered during the second round of discovery." *Id.*

The *Wylie* court concluded:

> In sum, it is clear to the Court that [the plaintiff] unilaterally observed a stay on discovery while awaiting the Court's decision on [the defendant]'s Motion to Dismiss. [The plaintiff] failed to respond to [the defendant]'s discovery requests, failed to issue his own discovery requests to [the defendant], and failed to ask [the defendant] or the Court for an extension of deadlines or stay of discovery. Such complete inaction does not come without consequences under the Federal Rules of Civil Procedure, especially at this late stage in the proceedings when discovery and the filing of motions for summary judgment would need to be repeated. The Court and Rule 36(b) do not excuse [the plaintiff]'s complete failure to respond to [the defendant]'s Requests for Admissions when doing so would unfairly prejudice [the defendant]. Consequently, the Court denies [the plaintiff]'s Rule 36(b) Motion.

*Id.*

Similarly, in *Spirit SPE Portfolio 2007-1LLC v. Paxos (In re Paxos)*, Bankr. No. 12-61280, Adv. No. 12-6112, 2014 WL 1089812, at *3 (Bankr. N.D. Ohio Mar. 19, 2014), the bankruptcy judge acknowledged the Sixth Circuit jurisprudence concerning withdrawal of

admissions under Rule 36(b) but distinguished those cases because in *Petroff-Kline* and *Chancellor v. City of Detroit*, 454 F. Supp. 2d 645 (E.D. Mich. 2006), late-filed responses that were accepted and treated as an effective withdrawal of admissions (even without a motion to withdraw) were only three days late. In *Paxos*, the plaintiff's responses were three months late under the original Rule 36 deadline and four days late under a second-chance deadline established by the court and had been provided only after the defendant had filed a renewed motion for summary judgment based on the deemed admissions. *See id.* The plaintiff provided responses but did not move for withdrawal of the deemed admissions under Rule 36(b), resulting in the "court find[ing] that the admissions are deemed admitted and not withdrawn." *Id.*

Under similar circumstances, in *Weinberger v. Provident Life and Casualty Insurance Co.*, No. 97CIV.9262(JGK)(HBP), 1999 WL 225537, at *2 (S.D.N.Y. Apr. 19, 1999), the court denied the plaintiff's request to withdraw deemed admissions when discovery had closed and the draft responses supplied by the plaintiff with his Rule 36(b) motion did "not fully provide the information sought by defendant, . . . [which] sought explanations concerning any requests that plaintiff denied." More than six weeks after responses were initially due, the plaintiff had requested an extension of time, which the trial court denied "because, among other reasons, discovery had closed and permitting amended answers would deprive defendant of the ability to take follow-up discovery concerning those answers." *Id.* In denying the late-filed motion for extension of time, the court expressly held that the requests for admission were deemed admitted under Rule 36(a). *Id.* at *1. Perhaps more important for purposes of the motion to withdraw the deemed admissions, the court found that the plaintiff's proposed response was insufficient. *See id.* at *2.

Finally, a recent case in this district illustrates an appropriate denial of a non-responding party's request to withdraw deemed admissions. In *Fulcher v. Wyndham Worldwide Operations,*

*Inc.*, No. 3:18-CV-264-TAV-DCP, 2019 WL 4143292 (E.D. Tenn. Aug. 30, 2019), the plaintiffs failed to respond to a portion of the defendants' requests for admissions, arguing in response to the defendants' motion to deem the requests admitted that they had responded (albeit belatedly) to the first twelve requests but that the remaining unanswered requests were abusive and improper because they should have been served as interrogatories. Magistrate Judge Poplin allowed the belated responses to be construed as amendments to the admissions that were deemed by operation of Rule 36(a)(3). *Id.* at *3. As to the requests for which no response was provided, however, Judge Poplin concluded:

> With respect to the Requests for Admission that were not responded to, and have not been responded to, the Court finds that by operation of Rule 36, these are also deemed admitted. In their Response, Plaintiffs generally argue that "no further Requests for Admission should be deemed admitted." Plaintiffs do not address whether such admissions will affect the presentation of the merits, but instead, argue that they had no obligation to respond. As explained above, the Court disagrees with Plaintiffs' position. The Court has reviewed the unanswered Requests for Admission, and it is unclear if such admissions will affect the presentation of the merits. Because Plaintiffs have not met their burden on this issue, the Court deems all unanswered Requests for Admissions admitted.

*Id.* at *4.

These cases are significantly analogous to the facts before the Court here and contrast with the cases cited by Defendants in support of the Motion to Withdraw and other decisions by trial courts within the Sixth Circuit that allowed withdrawal of deemed admissions.[6] Here,

---

[6] *See, e.g.*, *Hunter v. Washington Mut. Bank*, No. 2:08-CV-069 (E.D. Tenn. June 16, 2010) (treating the defendant's motion to strike and response to the plaintiff's summary judgment motion as a Rule 36(b) motion and allowing withdrawal of deemed admissions when counsel for the parties communicated about the defendant's intent to provide late responses but the plaintiff "hastily" moved for summary judgment two days before the date promised for service of responses, which was six weeks before the dispositive motion deadline set by the court); *Alexander v. Experian Info. Sols.*, No. 3:06CV00067, 2007 WL 9783239, at *2-3 (M.D. Tenn. Apr. 12, 2007) (granting the plaintiff's Rule 36(b) motion to withdraw deemed admissions when responses were no more than 28 days late after a misunderstanding about a thirty-day extension of time for response, but also granting summary judgment against the plaintiff notwithstanding the permitted withdrawal of the deemed admissions); *Lyon Fin. Servs. v. Getty Hargadon Miller & Keller*, No. 06-34-JBC, 2007 WL 496867 (E.D. Ky. Feb. 13, 2007) (allowing withdrawal under Rule 36(b) when the court extended discovery for six months and the responding party asserted that it had not received the requests for admissions even though they had been sent my mail).

Defendants were served with the requests for admissions on September 4, 2019. [Doc. 20-1 at pp. 19, 21-22.] When Plaintiff received no response from Defendants by October 22, which was more than two weeks after the responses were due on October 7 (i.e., thirty-three days after service by mail (*see* Fed. R. Bankr. P. 9006(f); Fed. R. Civ. P. 36(a)(3)), Plaintiff's counsel reached out to Defendants' counsel. [*See* Doc. 20-1 at p. 21.] Then, after receiving no response, Plaintiff's counsel again emailed Defendants' counsel on October 27. [*See id.*] Presumably in an effort to light a fire under Defendants, even though Rule 36(a)(3) does not require a motion to deem requests admitted, Plaintiff filed its Motion to Deem Admissions Admitted on October 31, 2019. [Doc. 20.]

After Defendants still did not respond within the response period of E.D. Tenn. LBR 7007-1(a) (as properly noticed by Plaintiff pursuant to E.D. Tenn. LBR 7007-1(c)), the Court entered the Order Deeming Admissions Admitted on November 26, 2019 – some fifty days after the responses were first due. Defendants continued to sit mute even after the Court deemed the admissions admitted until Plaintiff unilaterally[7] filed its Statement Regarding Mediation [Doc. 23] on January 13, 2020 (some ninety-eight days after the responses were first due and forty-eight days after entry of the Order Deeming Admissions Admitted). Plaintiff recited the history of Defendants' failure to engage in discovery[8] and indicated that it anticipated the filing of a dispositive motion "shortly." [Doc. 23 at ¶ 8.] Defendants finally acted the next day, filing the

---

[7] The parties had been ordered to file a joint statement for mediation, which was due on January 13, 2020. [Doc. 15 at ¶ 3.]

[8] The Report of the Parties [*sic*] Rule 26 Planning Meeting included a representation that the parties would exchange Rule 26(a) disclosures on or before September 14, 2019. [Doc. 12 at ¶ 2.] This Report served as the basis for the Court's scheduling of deadlines in the Pretrial Order entered on September 13, 2019. [Doc. 15.] Defendants' continuing failure to serve initial disclosures is fairly viewed as lack of compliance with that Pretrial Order, which provided: "The schedule and deadlines established by this Order shall not be altered except by further order of the Court based on an agreement of the parties or for good cause shown. The Court expects the parties to comply with the deadlines established by this Order and cautions that a failure to do so may result in the imposition of sanctions, the rescheduling of the trial, or other consequences." [Doc. 15 at ¶ 4.H.]

Motion to Withdraw (along with Defendant's [*sic*] Motion to Strike the Plaintiff's Statement Regarding Mediation [Doc. 24]).  Defendants still have not responded to the discovery, which is now overdue by 129 days.

Further, Defendants failed to deny expressly in their answer some of the facts that are the subject of the eighteen deemed admissions.  The deemed admissions mostly relate to Defendants' representations and intent when they obtained financing from Plaintiff. [Doc. 20-1 at pp. 17- 18.]  Plaintiff's complaint set forth an alleged transcript of "Pre-Funding calls" with Defendants. [Doc. 1 at ¶ 15.]  Defendants' responded that they were "without sufficient knowledge to admit or deny" Plaintiff's allegations concerning the call. [Doc. 9 at ¶ 15.]  Likewise, Plaintiff alleged that the agreements between the parties contained an acknowledgment that "any misrepresentation . . . in connection with this agreement may constitute a separate cause of action for fraud or intentional fraudulent inducement to obtain financing." [Doc. 1 at ¶ 16.]  Although Plaintiff attached the agreements to the complaint and Defendants admitted that they entered into two contracts with Plaintiff [Doc. 9 at ¶ 10], Defendants repeated their response that they lacked "sufficient knowledge to admit or deny" the allegation concerning the acknowledgment in the agreements. [Doc. 9 at ¶ 16.]  Although Defendants did expressly deny some of the Plaintiff's allegations that are restated in the requests for admissions, given Defendants' wholesale failure to engage in discovery, the Court does not accept Defendants' argument that they "steadfastly stand by the denial [in their answer] that they intentionally committed fraud in obtaining a factoring 'loan' form [*sic*] Core Funding." [Doc. 27 at p. 3.]

Under these facts, even if the Court were to find that Defendants have met the first prong of the Rule 36(b) test that the deemed admissions will practically eliminate any presentation of

the merits of the case,[9] the Court finds that Plaintiff has met its burden to show prejudice would be caused by allowing withdrawal of the deemed admissions. Defendants' delays (which persist through the date of this decision) have resulted in an inability of Plaintiff to conduct meaningful discovery within the timeframe first proposed by the parties in the Rule 26 Report [*see* Doc. 12] and, consequently, set by the Court for the efficient and effective management of the progress of this case. Defendants also waited until twenty-one days before expiration of the discovery and dispositive motion deadlines to ask the Court to withdraw the deemed admissions.

Of course, the Court could extend the deadlines, reopen discovery, and move the trial date (which, notably, Defendants have not requested). To do so, however, would reward Defendants for their disrespectful approach to the applicable rules governing this litigation and to this Court and its rulings. The Court will not condone Defendants' conduct by extending the deadlines. Furthermore, to grant Defendants' Motion to Withdraw "would stand Rule 36 on its head." *Whitaker v. Annamalai (In re Hindu Temple & Cmty. Ctr. of Ga., Inc.* Bankr. No. 09-82915, Adv. No. 09-9080, 2012 WL 10739278, at *4 (Bankr. N.D. Ga. Jan. 6, 2012).

For these reasons, the Court exercises its "considerable discretion," *Kerry Steel, Inc.*, 106 F.3d at 154, and will deny Motion to Withdraw by separate order.

FILED: February 13, 2020

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE

---

[9] The Court need not decide the first prong but notes that Plaintiff's motion for summary judgment "is not predicated solely on deemed admissions. Rather, it is supported by evidence and specific citations to facts in the record." *In re Brodnik*, 2019 WL 5866443, at *5. [*See generally* Doc. 32.]